### SELNER v. LYONS.

(Supreme Court, Appellate Term. June 5, 1908.)

TROVER AND CONVERSION—ACTS CONSTITUTING.

Plaintiff kept her vans and wagons in defendant's livery stable, a portion of which was destroyed by fire. The wreckage of the vans and wagons was left as it was, pending an adjustment of the fire loss. The building department ordered defendant to clear up his premises, whereupon he asked plaintiff to remove the wreckage of her vans and wagons. The building department having issued a second notice, plaintiff was again notified to remove the wreckage, and defendant employed a wrecker to clear up the premises, who sold the wreckage, but not for the account of defendant. The wrecker testified that he told plaintiff he had been employed to clear up the premises, and that plaintiff told him to do what he liked with the wreckage of the vans and wagons. *Held*, that plaintiff was not entitled to recover of defendant as for a conversion of the wreckage of her vans and wagons.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Emilie Selner against Martin Lyons. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Max Salomon, for appellant.
Daniel F. Cohalon, for respondent.

PER CURIAM. Plaintiff brought her suit against defendant to recover the sum of $150 for the alleged wrongful conversion of various parts of three wagons. Defendant is the keeper of a livery stable; and

plaintiff kept her horses and wagons in defendant's stable. A portion of the stable where plaintiff's wagons were was destroyed by fire.

The witnesses disagree as to how much of the plaintiff's wagons were left after the fire. The remains of the vans and wagons were left as they were, pending an adjustment of the fire loss. Pending this adjustment the building department ordered defendant to clear up his premises. He notified plaintiff of this order, and asked her to remove the wreckage of her vans and wagons. The building department having issued a second notice, plaintiff was again notified to remove the wreckage. The fire occurred on the 30th of May, and on the 1st of July defendant employed a house wrecker to clear up the premises. The wrecker carted away the stuff left on the premises and sold it, but not for the account of the defendant, who testified that he never sold the wreckage, nor received anything for it. Afterwards plaintiff demanded the wreckage of her vans and wagons from defendant, who, not having it, did not return it, whereupon she brought this suit.

Samuel Wiener, the house wrecker, testified that the defendant told him that all the iron belonged to the plaintiff; that he went to plaintiff, and told her defendant had given him the contract to clean up the place; and that thereupon the plaintiff told him to do what he liked with the iron, as she had no use for it. Under these circumstances, judgment in favor of the defendant is amply sustained by the proof, and should be affirmed, with costs.

Judgment affirmed, with costs.